UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CURT GARNER, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:20-cv-00490-JPH-DLP |
| WARDEN, | ) ) ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Curt Garner for a writ of habeas corpus challenges a prison disciplinary proceeding identified as BTC 20-01-0043. For the reasons explained in this Entry, Mr. Garner's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

1

### B. The Disciplinary Proceeding

On January 3, 2020, Lieutenant Smith charged Mr. Garner with offense A-102, battery, in disciplinary case BTC 20-01-0043:

> On 1-3-2020 I, Lt. J. Smith observed offender Strum #245400 entering the MPB building holding a towel against his head and cleaning blood from multiple wounds on his face. I inquired with dorm staff as to which bunk he lived in and rolled back the cameras. At 2:00 PM I observed offender Dilk #166521 start striking offender Strum with closed fists. Offender Dilk pushes offender Strum into the wall and holds him as offender Garner #249752 walks into cube 10 and starts to kick offender Strum repeatedly in the face, and also strike him with a closed fist. I am therefore charging offender Garner with 102-A Battery.

Dkt. 6-1.

Offender Strum received treatment for his injuries and photographs of Offender Strum's injuries were documented. Dkt. 7 (*ex parte*).

On January 9, 2020, the screening officer notified Mr. Garner of the charge and provided him with a copy of the report of conduct and the notice of disciplinary hearing (screening report). Dkt. 6-2. The screening officer notified Mr. Garner of his rights and Mr. Garner pleaded not guilty. *Id.* Mr. Garner requested a lay advocate, and one was appointed. Dkt. 6-3. Mr. Garner did not request any witnesses or evidence. Dkt. 6-2.

On January 17, 2020, the disciplinary hearing officer ("DHO") held a hearing. Dkt. 6-4. Mr. Garner pleaded not guilty, but stated, "Not denying it. Did kick guy in head. Not a 102-A bad." *Id.* The DHO found Mr. Garner guilty of offense A-102, battery "due [to] the staff report and evidence." *Id.* The DHO sanctioned Mr. Garner to 30 days in disciplinary restrictive housing, a loss of 4 weeks commissary privileges, a 180-day loss of earned credit time, and a one-step demotion in credit earning class. *Id.*

Mr. Garner's appeals to the facility head and to the final reviewing authority for the Indiana Department of Correction ("IDOC") were denied. Dkts. 6-6, 6-7. This habeas action followed.

### C.   Analysis

Mr. Garner alleges that his due process rights were violated in the disciplinary proceeding. Dkt. 1. His claims are: (1) the evidence did not support a charge of A-102 battery;[1] and (2) the sanctions imposed were excessive and violated his Eighth Amendment rights. *Id.*

Mr. Garner's first claim is treated as a challenge to the sufficiency of the evidence. He contends that he should have been charged with a B-level battery instead of A-102 battery. A-102 battery is defined as: "Knowingly or intentionally touching another person in a rude, insolent, or angry manner; or in a rude, insolent, or angry manner placing any bodily fluid or bodily waste on another person." Dkt. 6-8 at 1. B-212 battery is defined as: "Committing a battery upon another person." Dkt. 6-8 at 5.

Mr. Garner contends that because he did not use bodily fluid or bodily waste, he should have been charged with B-212. This argument ignores the plain language of A-102, which is not limited to incidents involving use of bodily fluid or waste but also covers incidents involving "knowingly or intentionally touching another person in a rude, insolent, or angry manner". The facts set forth in the conduct report are within the scope of A-102 and sufficient to support the charge against Mr. Garner.

"The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (citation and quotation marks omitted); *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016) ("Under *Hill*, 'the relevant question is whether there is any evidence in the record that could

---

[1] Mr. Garner alleges that he was charged with A-102 in a "retaliatory manner," but he fails to allege any facts to support a claim of retaliation. Dkt. 1. This conclusory label has been disregarded, as will the respondent's procedural default argument that Mr. Garner failed to appeal any retaliation claim.

support the conclusion reached by the disciplinary board.'") (quoting *Hill*, 472 U.S. at 455-56)). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

Here, the conduct report and Mr. Garner's admission satisfy the "some evidence" standard. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *Ellison,* 820 F.3d at 274.

Mr. Garner's second claim, that the sanctions were excessive, is also based on his mistaken belief that A-102 battery only covers incidents involving the use of bodily fluids or waste. As discussed above, the charge brought against Mr. Garner is within the scope of A-102. And the sanctions imposed are within the scope of those allowed by IDOC policy, *see* dkt. 6-9 at 38, so this claim fails.

In sum, Mr. Garner was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Garner's due process rights.

### D.   Conclusion

For the above reasons, Mr. Garner is not entitled to the relief he seeks. His petition for a writ of habeas corpus must be **denied** and the action is **dismissed with prejudice**.

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 10/6/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

5

Distribution:

CURT GARNER
249752
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov